# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 1, 2011

Lyle W. Cayce
Clerk

No. 10-60975
Summary Calendar

RICHARD DONALD LAWLER,

Plaintiff - Appellant

v.

MISSISSIPPI DEPARTMENT OF CORRECTIONS; LUTHER THAXTON, Individually and in his official capacity; CHRISTOPHER EPPS,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:09-CV-135

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Richard Donald Lawler, Mississippi prisoner # 54271, proceeding *pro se* in this 42 U.S.C. § 1983 action, challenges its dismissal for untimeliness. (Two other defendants, the Mississippi Department of Corrections and Christopher Epps, were dismissed in district court pursuant to Lawler's voluntary motion for dismissal. He has *not* challenged that dismissal, but they filed briefs here in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

abundance of caution.) Such a dismissal is reviewed *de novo. E.g., Sanders-Burns v. City of Plano*, 594 F.3d 366, 372 (5th Cir. 2010).

Lawler contends this action is not untimely because it should be considered filed in October 2006, when he filed a complaint concerning the same acts. The October 2006 complaint, which was dismissed without prejudice, "has no legal effect" and is not a factor in the timeliness equation. *Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592, 601 (5th Cir. 2007).

Congress has not provided a limitations period for § 1983 actions. Therefore, in those actions, federal courts are to borrow the general personal-injury limitations period of the forum state. *E.g.*, *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007). In Mississippi, the general personal-injury statute of limitations is three years. *See Walker v. Epps*, 550 F.3d 407, 415 (5th Cir. 2008).

The action at hand was filed more than three years after Lawler's claim accrued, and he has not shown he is entitled to equitable tolling or any other tolling provision. *See Peavey Elec. Corp. v. Baan U.S.A., Inc.*, 10 So. 3d 945, 953-54 (Miss. Ct. App. 2009).

AFFIRMED.